*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0230p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

LESLIE WARD,

*Petitioner,*

*v.*

No. 12-3197

ERIC H. HOLDER, JR., Attorney General,

*Respondent.*

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A073 231 332.

Decided and Filed: August 15, 2013

Before: MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** George P. Mann, Maris J. Liss, GEORGE P. MANN AND ASSOCIATES, Farmington Hills, Michigan, for Petitioner. Remi da Rocha-Afodu, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Leslie Ward petitions this Court to review the Board of Immigration Appeals's order affirming the Immigration Judge's order that he be removed to the United Kingdom. The Board agreed with the Immigration Judge that Ward had abandoned his lawful-permanent-resident status by spending three years in the United Kingdom caring for his mother, who suffered from dementia.

This case poses the following legal question: what is the appropriate degree of proof that the government must satisfy in a removal proceeding in which the government

has charged a lawful permanent resident with inadmissibility?  We hold that the government must prove—by clear, unequivocal, and convincing evidence—the lawful permanent resident's inadmissibility.  Because the Immigration Judge erred, as a matter of law, both in applying the wrong degree of proof and in assigning the burden of proof to the immigrant, Ward, instead of to the government, we **GRANT** the petition for review, **VACATE** the Board of Immigration Appeal's decision, and **REMAND** this case for further proceedings consistent with this opinion.  As a consequence, we also **VACATE** the stay that we previously granted.

The government granted Leslie Ward, a fifty-year-old man from the United Kingdom, lawful-permanent-resident status in 1995.  Ward left the United States in 2003 to take care of his mother, who suffered from dementia, in the United Kingdom.  Then, in February 2006, Ward returned to the United States seeking admission as a returning resident.  Although not entirely clear from the record, it appears that when Ward arrived at the Detroit, Michigan airport, he presented Customs and Border Patrol with an expired green card; consequently, the government charged Ward as "subject to removal from the United States" under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as an immigrant who, "at the time of application for admission[,]" did not possess "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this Chapter . . . "  8 U.S.C.A. § 1182(a)(7)(A)(i)(I).  The government further asserted that Ward was inadmissible because he had "abondoned [sic] [his] permanent resident status."

Ward requested a hearing before an Immigration Judge on whether he was removable based on his inadmissibility to the United States because he had abandoned his lawful-permanent-resident status.  At the hearing, the government called Ward to testify in its case-in-chief, but it called no other witnesses.  Ward testified in his behalf, and his brother also testified.  Both sides also introduced documentary evidence.  In an oral opinion issued the same day as the hearing, the Immigration Judge held that "the charge of removability ha[d] been sustained by the requisite *clear and convincing evidence*." (emphasis added).  In a short opinion, the Board adopted and affirmed the

Immigration Judge's order and added its own comments. Ward timely appealed. Subsequently, we granted Ward's motion to stay the Board's removal order.

Where, as here, the Board adopts the Immigration Judge's reasoning, but adds its own comments, we review both the Immigration Judge's decision and the Board's additional remarks. *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009) (citing *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005)).

We review de novo the Board's conclusions of law. *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004) (citing *Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004)) (rest of string citation omitted).

We begin by clarifying (hopefully) some rather confusing terminology that we will apply throughout this opinion. Before 1996, the name of the process by which the government expelled a non-citizen from the United States depended on where the government caught the person. If the government caught the person at the border (or in an airport), the government put the person into "exclusion" proceedings and charged the person under one of the "inadmissibility" grounds enumerated in the Act's section 212(a). 8 U.S.C.A. § 1182(a). But if the government caught the person in the United States's interior, the government put the person into "deportation" proceedings and charged the person under one of the "deportability" grounds enumerated in the Act's section 237(a). 8 U.S.C.A. § 1227(a). Then, Congress passed the Illegal Immigration Reform and Responsibility Act of 1996, which combined the terms "deportation" and "exclusion" into the term "removal." *See* Pub. L. No. 104-208, § 304, 110 Stat. 3009 (1996). After 1996, then, the proceeding in which the government sought to expel a non-citizen from the United States—whether the person was apprehended at the border or in the interior—was called a removal proceeding, not a "deportation" or "exclusion" proceeding. But Congress did not change the categories under which the government may charge a person with being present unlawfully in the United States. The Act, after 1996, still refers to two categories of grounds for removability: the government may either charge an immigrant as being "inadmissible," under the Act's section 212(a)

(8 U.S.C.A. § 1182(a)), or as being "deportable" under the Act's section 237(a) (8 U.S.C.A. § 1227(a)).

Also in 1996, Congress changed the degree of proof for removal proceedings in which the government charged an immigrant with one of the deportability grounds under the Act's section 237(a).  Before 1996, the Act had not mentioned the correct degree of proof that the government had to satisfy in deportation proceedings; the question made its way to the Supreme Court, which held that the degree of proof that the government had to satisfy to deport someone was "by clear, unequivocal, and convincing evidence." *Woodby v. I.N.S.*, 385 U.S. 276, 277 (1966).

But in 1996, Congress added section 240 to the Act.  *See* Illegal Immigration Reform and Responsiblity Act, Pub. L. No. 104-208, § 304, 110 Stat. 3009 (1996).  In adding this section, Congress lowered the degree of proof that the government had to satisfy in cases in which it sought to remove someone based on a deportability ground. Specifically, section 240(c)(3)(A) provided "in cases of deportable aliens"—that is, in cases in which the government sought to deport someone based on one of the deportability grounds in the Act's section 237(a)—that the government "has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable."  8 U.S.C.A. § 1229a(c)(3).

But Congress did not change the degree of proof that the government must satisfy in removal cases in which the government charges a lawful permanent resident with one of the inadmissibility grounds.  The "question of what degree of proof is required" in a proceeding "is the kind of question which has traditionally been left to the judiciary to resolve[.]"  *Woodby*, 385 U.S. at 284.  Our Circuit and others have resolved this question.  Where the government seeks to remove a lawful permanent resident based on an inadmissibility ground, and specifically claims that the person has abandoned his or her lawful-permanent-resident status, it must prove by clear, unequivocal, and convincing evidence that the lawful permanent resident is inadmissible.

For example, in *Hana v. Gonzalez*, 400 F.3d 472 (6th Cir. 2005), the first published case in our Circuit to address the fact pattern of a lawful permanent resident

charged as removable based on a ground of inadmissibility—of supposed abandonment of lawful-permanent-resident status—we held that the government's degree of proof was "'to establish by clear, unequivocal, and convincing evidence'" that the lawful permanent resident's status had changed. *Hana*, 400 F.3d at 475–76 (quoting *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (citing *Woodby*, 385 U.S. at 277)).

In addition to the Ninth Circuit and our Circuit, the First, and the Fifth Circuits have faced the same fact pattern and have held that the government must prove inadmissibility by clear, unequivocal, and convincing evidence. *See Katebi v. Ashcroft*, 396 F.3d 463, 466 (1st Cir. 2005) (holding that the government "has the burden of proving that he is not admissible . . . by clear, unequivocal and convincing evidence."); *accord Moin v. Ashcroft*, 335 F.3d 415, 419 (5th Cir. 2003) (holding that the government may refute an alien's intent to return "by clear, unequivocal, and convincing evidence.").

The distinction between, on the one hand—clear, unequivocal, and convincing evidence—and, on the other—clear and unequivocal evidence—may seem inconsequential. One might think that deleting "convincing"[1] does not make any difference. Indeed, a prior panel of our court said as much. *See Pickering v. Gonzales*, 465 F.3d 263, 268 n.3 (6th Cir. 2006) (acknowledging the 1996 "amendment" of section 240(c)(3)(A) (8 U.S.C. § 1229a(c)(3)), but noting that "the amendment ha[d] only a minimal effect on the standard, if any, because evidence that is 'equivocal' could not be considered 'clear and convincing.'").

But the Supreme Court has said otherwise. In *Addington v. Texas*, 441 U.S. 418, 419–20 (1966), the Court considered "what [degree] of proof is required . . . in a civil proceeding brought under state law to commit an individual involuntarily for an indefinite period to a state mental hospital." The Court concluded that a preponderance-of-the-evidence degree of proof fell "short of meeting the demands of due process[,]" but also concluded that the beyond-a-reasonable-doubt degree of proof was not required. *Id.* at 431. It observed that some states employed the standard of "clear and convincing"

---

[1]The opinion was amended to correct an inadvertent error by the two-judge panel of Judges Suhrheinrich and Gibbons.

evidence, whereas some states used "clear, *unequivocal* and convincing" evidence.  *Id.* at 431–32.  And it also noted that it had applied the "clear, unequivocal, and convincing" standard in *Woodby v. I.N.S.*, 385 U.S. 276, 285 (1966), and in *Schneiderman v. United States*, 320 U.S. 118, 125 (1943).  *Id.* at 432.

The Court recognized the difference between the two degrees of proof, and the difference that the word "unequivocal" makes, declaring that "the term 'unequivocal,' taken by itself, means proof that admits of no doubt, a burden approximating, if not exceeding, that used in criminal cases."  *Id.* (footnote omitted).  *Addington* recognized the difference by holding that, in a commitment hearing before a jury, a state trial court must employ the "clear and convincing" standard to meet due process guarantees, but that the Texas Supreme Court could require the higher standard of "clear, unequivocal, and convincing" evidence in such a proceeding.  *Id.* at 433.  So, the omission of "unequivocal" makes a difference.  The "clear, unequivocal, and convincing standard" is a more demanding degree of proof than the "clear and convincing" standard.

And the Board of Immigration Appeals has also recognized that removing "unequivocal" creates a lesser degree of proof: "[t]he clear and convincing standard imposes a lower burden than the clear, unequivocal, and convincing standard . . . because it does not require that the evidence be unequivocal or of such a quality as to dispel all doubt."  *Matter of Patel*, 19 I. & N. Dec. 774, 783 (1988) (citing *Addington*, 441 U.S. at 432; *United States v. Mastrangelo*, 561 F. Supp. 1114, 1120 (E.D.N.Y. 1983)).  With this as our background, we now turn to the central issue in this case: whether the Immigration Judge assigned the correct degree of proof to the correct party.

The Immigration Judge's and the Board's opinions both stated correctly that the government bore the burden of proof in this proceeding.  The government charged Ward under the Act's section 212(a), which enumerates the instances in which aliens are "ineligible to be admitted to the United States."  8 U.S.C.A. § 1182(a).  Specifically, the government asserted that Ward was inadmissible because he had an expired green card; therefore, the government charged Ward as "subject to removal from the United States" under the Act's section 212(a)(7)(A)(i)(I), as an immigrant who, "at the time of

application for admission[,]" did not possess "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this Act. . . "  8 U.S.C.A. § 1182(a)(7)(A)(i)(I).

Normally, in a removal proceeding in which the government is charging that an immigrant is inadmissible, the *immigrant* must carry the burden of proving that he or she is "clearly and beyond doubt entitled to be admitted and is not inadmissible under [8 U.S.C.A. § 1182[.]"  8 U.S.C.A. § 1229a(c)(2)(A); 8 U.S.C.A. § 1361.  But, where a returning alien has a colorable claim to returning-resident-alien status, then the government bears the burden of proving that the alien is not eligible for admission to the United States.  *Hana*, 400 F.3d at 475 (quoting *Singh*, 113 F.3d at 1514) (quotation marks omitted).

Here, the record shows—and the parties agree—that Ward had a colorable claim to returning-resident-alien status because the government granted him lawful permanent residency in 1995 and he in fact possessed a (presumably expired) green card. Therefore, both the Board and the Immigration Judge correctly stated in their opinions that the government bore the burden of proof.

Nevertheless, a close reading of the Immigration Judge's opinion shows that she actually placed the burden of proof on Ward.  For example, in reviewing the evidence the Immigration Judge stated that a certain fact "undercut [Ward's] ability *to demonstrate* that his time back in England should be deemed a temporary visit abroad." (emphasis added).  This statement, that Ward had the "ability to demonstrate" that his time abroad should be deemed a temporary visit abroad, indicates that she assigned the burden of proof to Ward—instead of to the government.  Elsewhere in her opinion, the Immigration Judge stated that a certain fact "further undercut[ ] [Ward's] *argument* that this trip was for a relatively short period of time."  (emphasis added).  Again, this language indicates that Ward—not the government—had to argue that his trip abroad was for a short period.  Lastly, the Immigration Judge concluded that "[a]t best, on this record, [Ward] *has demonstrated* that he had an intent to perhaps ultimately come back to the United States, but he has not *demonstrated* that it was his intent to return within

a relatively short amount of time." (emphases added). Again, this suggests that the Immigration Judge believed Ward was the party that had to demonstrate—or prove—that his visit abroad was temporary. But the government, not Ward, had to bear this burden.

The Immigration Judge also erred by assigning an incorrect degree of proof to the government. The Immigration Judge stated that the government must establish, "by clear and convincing evidence[,]" that Ward had abandoned his lawful permanent residency. In support for holding that the burden was clear and convincing evidence, she cited the Act's section 240(c)(3). 8 U.S.C.A. § 1229a(c)(3)(A).

But, as discussed above, section 240(c)(3), entitled "burden on service in cases of *deportable* aliens[,]" (emphasis added) specifies the degree of proof that the government must satisfy in cases in which the government has alleged that an already admitted immigrant is removable based on one of the deportability grounds enumerated in section 237. 8 U.S.C.A. § 1227. Section 240(c)(3) provides that the government "has the burden of establishing by clear and convincing evidence that, in the case of an alien *who has been admitted* to the United States, the alien is deportable." 8 U.S.C.A. § 1229a(c)(3)(A) (emphasis added). This section of the statute, then, applies only to aliens who have been admitted, and whom the government is attempting to remove based on a deportability ground.

The Immigration Judge should not have applied section 240(c)(3) to Ward, however, because the government charged him as removable based on one of the inadmissibility grounds listed in section 212(a). 8 U.S.C.A. § 1182(a). As already mentioned, the government charged Ward as an arriving alien "seeking *admission* as a returning resident" and alleged that Ward was removable because he was *inadmissible*—because he did not possess "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . ." 8 U.S.C.A. § 1182(a)(7)(A)(i)(I). (emphases added). Because Ward had not been admitted, section 240(c)(3) could not have applied to him, because that section applies only to an alien who has been admitted and whom the government is seeking to remove based on a ground of deportability (not inadmissibility). Therefore, the Immigration

Judge erred as a matter of law in applying section 240(c)(3) to hold that the standard of proof was "clear and convincing evidence." The Immigration Judge could not have relied upon another section of the Act, because the Act nowhere specifies the standard of proof in cases in which the government has alleged that a lawful permanent resident is inadmissible because he or she has abandoned his or her lawful permanent resident status. Instead, the applicable degree of proof—"'to establish by clear, unequivocal, and convincing evidence'" that Ward's status had changed—comes from case law; in our Circuit, *Hana*, 400 F.3d at 475–76 (quoting *Singh*, 113 F.3d at 1514) (citing *Woodby*, 385 U.S. at 277)).

We have not always followed *Hana*. In two cases decided after *Hana*, we incorrectly stated that the government's degree of proof, in cases in which the government sought to remove a lawful permanent resident based on inadmissibility grounds, was "clear and convincing" instead of "clear, unequivocal, and convincing" evidence.

In the first reported case, *Karimijanaki v. Holder*, 579 F.3d 710, 712 (6th Cir. 2009), we faced the same fact pattern as in *Hana*: the government charged a lawful permanent resident as inadmissible—and thus removable—because she supposedly abandoned her lawful permanent resident status. We held that the government's degree of proof was to establish inadmissibility "'by clear and convincing evidence.'" *Karimijanaki*, 579 F.3d at 715 (citing 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a); *Pickering*, 465 F.3d at 269 n. 3).

But we erred in *Karimijanaki*, because, as discussed above, 8 U.S.C. section 1229a(c)(3)(A), also known as the Act's section 240(c)(3)(A), applies only to removal proceedings in which the government alleges that an already admitted immigrant is nevertheless removable based on one of the deportability grounds, not on one of the inadmissibility grounds. Furthermore, the citation in *Karimijanaki* to footnote three in *Pickering* does not support the proposition that the degree of proving inadmissibility in a removal proceeding is by clear-and-convincing evidence because that footnote discussed Congress' codification of 8 U.S.C. section 1229a(c)(3)(A)'s degree of proof.

As mentioned, 8 U.S.C. section 1229a(c)(3), by its very terms, does not apply to a removal proceeding in which the government has charged that a lawful permanent resident is removable because he or she has allegedly abandoned his or her lawful permanent resident status.  Moreover, 8 C.F.R. section 1240.8(a) assigns the degree of proof to the government as "by clear and convincing evidence" in cases in which the immigrant has been "charged with *deportability*[,]" not inadmissibility. (emphasis added).

We again erred in 2012, when we cited *Karimijanaki* to declare that "the government must prove that a [lawful permanent resident] abandoned her status by clear and convincing evidence." *Lateef v. Holder*, 683 F.3d 275, 279 (6th Cir. 2012) (citing *Karimijanaki*, 579 F.3d at 715; 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a)).

And, "when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case."  *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001) (citing *Sowards v. Loudon Cnty., Tenn.*, 203 F.3d 426, 431 n. 1 (6th Cir. 2000); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 180 F.3d 758, 765 (6th Cir. 1999), *rev'd on other grounds*, 531 U.S. 288 (2001)).  We therefore decline to follow *Karimijanaki* and *Lateef* because they conflict with *Hana*'s holding that the government's degree of proof is "by clear, unequivocal, and convincing evidence."  Neither *Karimijanaki* nor *Lateef* could have overruled *Hana*'s holding because "[a] panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."  *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (citing *Timmreck v. United States*, 577 F.2d 372, 376 n.15 (6th Cir. 1978), *rev'd on other grounds*, 441 U.S. 780 (1979), *on remand*, 600 F.2d 1228 (6th Cir. 1979)).  Therefore, in keeping with *Hana*, our earliest published case to address the fact pattern of abandonment of lawful-permanent-resident status, and the other Circuits that have decided this issue, we hold that the government must

establish by clear, unequivocal, and convincing evidence that the lawful permanent resident is inadmissible because he or she has abandoned his or her status.

Because the Immigration Judge used the wrong degree of proof and allocated it to the wrong party, we must remand this case to the Board in accordance with the Supreme Court's opinion in *I.N.S. v. Orlando Ventura*, 537 U.S. 12 (2002) (per curiam). In *Orlando Ventura*, the Board determined that an immigrant failed to qualify for political asylum, but the Ninth Circuit reversed the Board. *Id.* at 13. The Ninth Circuit's opinion reversing the Board went on "to consider an alternative argument that the [g]overnment had made before the Immigration Judge," and, instead of remanding the case, "evaluated the [g]overnment's claim itself." *Id.* at 13–14. The Ninth Circuit decided the matter in the immigrant's favor, "holding that the evidence in the record failed" to meet the appropriate legal standard to disqualify the immigrant from getting political asylum. *Id.* at 14.

After granting certiorari, the Court agreed with the government that the Ninth Circuit "exceeded its legal authority when it decided the . . . matter on its own." *Id.* Rather, the Court said, the Ninth Circuit should have "remanded the case to the [Board]." *Id.* The Court explained that "[a] court of appeals 'is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'" *Id.* at 16 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Rather, the Court said, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co.*, 470 U.S. at 744).

Here, too, the proper course is for us to remand this case for the Board to consider whether Ward abandoned his lawful permanent resident status—but the Board must allocate the correct degree of proof to the government. This "matter requires determining the facts." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam). We may not make this factual inquiry *de novo*. *See Matadin v. Mukasey*, 546 F.3d 85, 93 (2d Cir. 2008) (vacating and remanding a case in which the Immigration Judge applied the wrong burden of proof in a proceeding in which the government alleged that a lawful

permanent resident had abandoned her status).  Therefore, the petition for review is **GRANTED**; the Board's decision is **VACATED**; and the case is **REMANDED** for further proceedings consistent with this opinion. The stay previously granted by this court is **VACATED** as moot.