DAVID W. McKEAGUE, Circuit Judge,
concurring in the judgment.
CONCURRING IN THE JUDGMENT
I, too, agree that the IJ’s' and Board’s adverse credibility determination is not supported by substantial evidence and that the Maroufs’ petition for review be granted. However, to respect the congressionally-mandated deference to the agency, I express no opinion as to whether the petitioners are eligible for or facially deserving of asylum. The Supreme Court has made clear that, in determining asylum eligibility, the Courts of Appeal are “not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.” INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (discussing the appropriateness of appellate determinations of asylum eligibility and noting that “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation”) (internal quotation marks omitted); see also Ward v. Holder, 733 F.3d 601, 609 (6th Cir.2013) (affirming the same). Accordingly, I decline to join sections II.E and II.F of this opinion, as well as any reference, either express of implied, that may be construed as mandating a grant of asylum for the petitioners.